IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMATHY JOSHUA TAYLOR, | Case No. 1:17-cv-00329-SB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| HEROLD AND NEWS and REPORTER STEPHEN FLOYD, | |
| Defendants. | |

McShane, Judge:

Plaintiff, a pretrial detainee at the Klamath County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that reporter Stephen Floyd and the Herald and News[1] defamed him in an article about the death of Fay Roy Knight published in the newspaper. The Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, this Court dismisses Plaintiff's Complaint (ECF No. 2).

---

[1] Plaintiff refers to the newspaper as "Herold and News," but the correct spelling is Herald and News.

## BACKGROUND

Plaintiff alleges that Defendants defamed him in an article about the death of Fay Roy Knight. Compl. at 4 & Att. 1. Plaintiff alleges that Defendants (1) falsely stated in the article that Plaintiff was squatting on the property where Knight was killed; (2) accused Plaintiff of being a "killer and murderer;" (3) falsely stated that Floyd spoke to a relative of Plaintiff's; and (4) printed "other lies." *Id.* at 4. Attached to Plaintiff's Complaint is a copy of an article that provides in relevant part:

> A man arrested for gunning down a victim near Bonanza in May has been scheduled to stand trial in March, according to court records.
>
> Timathy Joshua Taylor, 40, was arrested May 26 for the killing of Fay Roy Knight, 77, and is scheduled to stand trial for murder March 15, 2017. If found guilty, he faces up to life in prison.
>
> Taylor was squatting in an undeveloped subdivision northwest of Bonanza and shot Knight after Knight entered the property. Taylor admitted to the killing in a $30 million lawsuit filed against authorities July 20, in which he blamed law enforcement for not responding soon enough to prevent Taylor's use of deadly force.
>
> In the suit, Taylor said he was defending himself against threats and harassment from Knight, but a relative of Taylor's told Herald and News Knight was on the property to confront Taylor about stolen propane and gasoline. Authorities have yet to confirm these statements.

*Id.*, Att. 1.

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Taso v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (internal quotations omitted); *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A claim of defamation gives rise to a constitutional violation only if the injury to reputation was inflicted in connection with, or caused the denial of, a federally protected right. *Manriquez v. City of Phoenix*, 654 F. App'x 350, 352 (9th Cir. 2016); *Azam v. Contra Costa Times*, 182 F. App'x 695, 696 (9th Cir. 2006); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999). "Damage to reputation alone is insufficient." *Manriquez*, 654 F. App'x at 352. A private person or entity may be found to have acted under color of state law if the challenged conduct is fairly attributed to the state. *Taso*, 698 F.3d at 1139; *see Am. Mfrs. Mut. Inc. Co.*, 526 U.S. at 50

3 - ORDER OF DISMISSAL

(holding that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong") (internal quotations omitted).

Plaintiff has failed to allege facts giving rise to a reasonable inference that he suffered an injury to reputation that was inflicted in connection with, or caused the denial of, a federally protected right. Further, Plaintiff alleges no facts to support a reasonable inference that Defendants acted under color of state law. Accordingly, Plaintiff has failed to state a § 1983 claim.

If Plaintiff seeks to bring a state tort claim for defamation, this Court dismisses the Complaint for lack of jurisdiction. Plaintiff is advised that this Court has diversity jurisdiction over a civil action between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). However, diversity jurisdiction under § 1332(a)(1) requires complete diversity of citizenship which means Plaintiff must be a citizen of a different state than each of the Defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff's Complaint is devoid of any facts to support a finding that there is complete diversity of citizenship between the parties. *See Mann v. City of Tucson*, 782 F.2d 790, 793-94 (9th Cir. 1986) (plaintiff must affirmatively allege essential elements of diversity jurisdiction).

///

///

///

///

///

## CONCLUSION

Based on the foregoing, this Court dismisses Plaintiff's Complaint, without prejudice. Plaintiff may file an Amended Complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 17 day of June, 2017.

Michael McShane
United States District Judge